UNITED STATES of America, ex rel. S. PRAWER & COMPANY, Gilbert Prawer, and Harvey Prawer, Plaintiffs,

v.

FLEET BANK OF MAINE, Recoll Management Corporation, Verrill & Dana, a law partnership, P. Benjamin Zuckerman, Anne M. Dufour and Amy Bierbaum, Defendants.

Civ. No. 93–165–P–C.

United States District Court,
D. Maine.

July 12, 1993.

Jeffrey Bennett and Melinda J. Caterine, Herbert H. Bennett & Associates, P.A., Portland, ME, for plaintiffs.

*MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DATED JUNE 30, 1993, OR, IN THE ALTERNATIVE, TO STAY THE COURT'S ORDER PENDING APPEAL*

GENE CARTER, Chief Judge.

Private party Plaintiffs herein filed a *qui tam* action against Defendants under 31 United States Code sections 3729 *et seq.*, the so-called "False Claims Act" (Docket No. 1). The Court dismissed the action on June 30, 1993, by its Memorandum and *Sua Sponte* Order of Dismissal (Docket No. 4). Plaintiffs have now filed an *Ex Parte* Motion for Reconsideration of the Court's Order ... Or, In The Alternative, To Stay The Court's Order Pending Appeal (Docket No. 6).

Plaintiffs make the following contentions in contesting the propriety of the Court's Order of Dismissal of June 30, 1993:

(1) that the provisions of 31 United States Code section 3730(e)(3) do not bar the bringing of the action:

(a) that the Government is not a party to the related civil action for purposes of section 3730(e)(3);

(b) that the transactions involved in this *qui tam* action are not those involved in the related civil action for purposes of section 3730(e)(3);

(c) that the "allegations" in this *qui tam* action [1] are not those involved in the related civil action;

---

1. It is to be noted that the formulation of Plaintiffs' contentions (1)(b) and (c) above dodge the precise rigor of the statutory language of section 3730(e)(3). The statute clearly states that the *qui tam* action may not be brought if it "is based upon allegations or transactions which are the subject of a civil suit ... in which the Government is already a party." It is apparent to the Court that Plaintiffs construe this language to mean that the statutory bar to the *qui tam* action operates only if the precise claims asserted therein are *also* at issue in the related civil suit. That clearly is not so. The statute says that the bar operates if the *qui tam* action (*e.g.*, the claims made in it) is based on *allegations* or *transactions* that are *the subject of* the related civil suit. Thus,

(2) that the dismissal is barred by 31 United States Code section 3730(b) because it was entered without first obtaining the written consent of the Attorney General;

(3) that the related civil action is not the proper forum in which to litigate the false claims issues because:

(a) Defendants therein lack standing to pursue the false claims;

(b) to do so compromises the Government's right to complete its investigation conferred by the False Claims Act; and

(c) other protections of the Government's interests under the False Claims Act are negated by doing so.

■ The Court *sua sponte* dismissed this action pursuant to 31 United States Code section 3730(e)(3), which provides:

*In no event* may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the government is already a party.

31 U.S.C. § 3730(e)(3) (emphasis added). *See* Memorandum and *Sua Sponte* Order of Dismissal (Docket No. 4) at 2–3. The Court found that the claims set forth in the *qui tam* action "arise out of the allegations and transactions already at issue" in the related civil action. This is clearly so.

the question is not whether there is an identity of *the claims* in the two actions. Rather, the issue is whether *allegations* and *transactions* at issue in the related civil matter form part or all of *the basis* for the assertion of the claims made in the *qui tam* action. The latter case exists here.

Defendant S. Prawer & Company in the related civil action is sued on certain promissory notes allegedly now held by FDIC after having been "put" back to FDIC pursuant to the Assistance Agreement. Because FDIC asserts title to the notes and the resulting right to enforce them against the defendant company, the "put" by which its title was acquired is a transaction inextricably involved in the related civil case. The FDIC must prove its title to the notes (especially if challenged in respect thereto) and to do so, must prove the validity of the Assistance Agreement and the regularity of its dealings with Fleet Bank pursuant to it which resulted in FDIC acquiring title to the notes. To the extent that it cannot do so, it cannot prevail on its claim against the defendant company for enforcement of the notes. To the further extent that the

To the extent that defenses based upon the allegations of the *qui tam* complaint are not pleaded in the related civil action, that is entirely the result of the conscious decision of counsel for the defendants there (and for Plaintiffs here) to abjure their pleading.[2] Clearly the factual predicate for the false claims alleged in the *qui tam* action form the basis for assertion of viable defenses to the claims made against the defendant S. Prawer & Company on the notes in the related civil action. An effective defense to those claims would require that those defenses be pleaded there if counsel, in good faith, believe the facts put forth here. Instead, Plaintiffs' counsel here (defendant's counsel in the related civil action) have elected to forego the pleading of clearly viable defenses in the related matter. They may not, however, defeat the application of the bar of section 3730(e)(3) by their own conscious decision to exploit a strategic advantage by foregoing their viable defenses. This Court believes that the proper construction of the statutory language requires that it be read broadly enough to encompass not only allegations and transactions actually put in issue by the litigants in the related civil suit but any allegations or transactions that could legitimately be made a subject (*e.g.*, be put in issue) of that suit in the regular course of its development.

defendant company (a Plaintiff here) can, by appropriate pleading and proof, establish that FDIC's title is void or voidable because based upon false or fraudulent claims made against it, the defendant company would defeat FDIC's title to the notes and the viability of FDIC's claims to enforce them against the company. Hence, the transaction of the "put" pursuant to the Assistance Agreement is a "subject" of the related civil suit. It is too clear to need demonstration that *allegations* that are the subject, actually or potentially, of the related civil suit are also the basis for the false claims asserted in this *qui tam* action.

2. This Court is satisfied that this results from a strategy of using the *qui tam* action, if it can be established, as a pretextual basis to stymie the ongoing progress of the related civil action and unduly prolong its final resolution in an effort to jeopardize and defeat, as a practical matter, any effort to enforce any judgment of this Court obtained therein against currently available assets of the defendants therein.

It is to be noted that the language of section 3730(e)(3) does not require that *the false claims* be asserted, or be capable of assertion, in the related civil litigation for the bar to operate. The statute says with great precision that the action may not be brought if it "is *based* upon *allegations* or *transactions* which are the subject of a civil suit...." (Emphasis added.) Here, *the false claims* asserted are clearly based at least in part upon *transactions* that are within the purview of the related civil suit. Additionally, those *claims* rest upon *allegations* that are made, or which properly may be made, in the related civil action. The statute in that respect clearly fits the circumstances of this litigation and bars the action if the Government is a party to the related civil matter.[3]

Plaintiffs here next contend that "the Government" as used in § 3730(e)(3) is not a party to the related matter. They attempt to distinguish between the Federal Deposit Insurance Corporation (hereinafter "FDIC") as an agency of the Government and "'the United States Government' as a whole," *Ex Parte* Motion at 4, and assert that only the latter is sufficient to meet the statutory language. No authority of any kind (other than the ubiquitous Attorney Phillips) is cited for such a construction of the statutory term. The distinction is again without merit. To the extent it should be shown by way of defense in the related matter that the FDIC had been victimized by the making of false claims against assets committed to its care, custody, management, and control, it certainly has the resources and the obligation under the law

to, under appropriate conditions, pursue such claims. It could very well do so by the assertion of cross-claims and/or third-party claims in the related civil suit itself. Thus, the obvious purpose of the bar to suit enacted by section 3730(e)(3) (the discouragement of unnecessary and duplicative litigation) effectively operates here by the invocation of the bar.

■ Further, Plaintiffs' theory of construction is internally at war with itself. In this *qui tam* action, Plaintiffs contend that false claims within the False Claims Act were made against the FDIC.[4] The statute does not impose any rigid, monolithic definition of the word "government." A false or fraudulent claim presented to any *officer or employee* of the Government is a claim within the Act. If a false claim presented to officers or employees of FDIC, *as an agency of the Government*, is, as Plaintiffs contend, a false claim against "the Government" for purposes of the Act, then the most rudimentary parallel logic requires that the presence of the FDIC as a party in the related civil matter, as an agency of the Government, meets the definition of "the Government" as used in section 3730(e)(3) of the Act.

■ Plaintiffs herein next contend that this Court could not dismiss this *qui tam* action without the written consent of the Attorney General, citing section 3730(b)(1) of the False Claims Act. That provision states:

A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the

---

**3.** Plaintiffs here attempt to distinguish the false claims here asserted from those involved in the related matter by asserting that they are based upon the Assistance Agreement while the claims of plaintiffs in the related matter are based on certain promissory notes. The attempted distinction is without merit. Defendants in the related matter may plead any matter in defense that will defeat the right of plaintiffs in the related matter to recover judgment on the notes there sued upon. In its *ex parte* motion here (Docket No. 6), Plaintiffs have conceded that their position in the related matter "is that the FDIC [the plaintiff in the related matter] is not the proper party to enforce the notes" apparently because of an alleged violation of the Assistance Agreement. *Id.* at 6, n. 3. That issue is clearly at stake in the related matter as part of the FDIC's burden of

proof there and, additionally, *is available* to be affirmatively alleged as a specific defense if counsel for defendant there had chosen to do so. Hence, false claims based upon alleged violations of the Assistance Agreement are also "based upon allegations or transactions which are the subject of," 31 U.S.C. § 3730(e)(3), the related matter.

**4.** Such claims may well constitute claims within section 3729(a)(1) of the Act which imposes liability under the Act on any person who "present[ ] or cause[ ] to be presented to *an officer or employee of the United States Government* ... a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1) (emphasis added).

Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting. 31 U.S.C. § 3730(b)(1). The contention is not well taken. That section is one which obviously relates to dismissal of an action, once commenced, *by the parties who commenced it.* This is made manifest by the specification that the court be one of the authorities whose written consent to a dismissal must be obtained. This statutory language clearly does not apply to a dismissal of a *qui tam* action *by order of the court.*

Further, Plaintiffs' argument wholly distorts any reasonably comprehensive and coordinated construction of the pertinent provisions of the Act. Section 3730(e)(3) says that *"in no event"* (emphasis supplied) can a *qui tam* action be commenced pursuant to the Act if the requirements previously discussed are met. The Congress clearly did not mean to deprive the court of the power to timely terminate an action that *could not in any event* be lawfully brought under the Act. Where a facially defective action is brought, no purpose contemplated by the Act would be served by preventing the Court from disposing of it expeditiously in order to avoid an improper negative impact upon other pending litigation, to effect judicial economy, to avoid unnecessary cost to the parties, and to avoid unnecessary delay. Thus, even construing section 3730(b) to relate to a dismissal of a *qui tam* action by order of the court, it clearly would be intended to apply only to those actions brought in compliance with the provisions of the Act. The provisions certainly would not be visualized by Congress to prevent the court from dismissing a *qui tam*

action which, by the Congress's own pronouncement in the Act, was one that "in no event" could be brought under the Act.

Clearly the ban of section 3730(e)(3) is operative, as the Court has previously found, in the circumstances of this litigation.[5] The alleged false claims that are the predicate for this action are based upon allegations made, inherent in, or available to be made in the related civil matter and upon transactions which are the subject of the action. The Government, within the clear meaning of the statute, is a party to that matter.

Accordingly, the Court herewith *DENIES* the pending *ex parte* motion and *DENIES* the Motion for a Stay of the Court's Order of June 30, 1993, herein, dismissing *sua sponte* this action.

---

5. Plaintiffs' contention that the related civil action is not, for three reasons, a proper forum for litigating the false claims issues, *supra* at 3, ¶ 3(a), (b), and (c), is also unpersuasive as a predicate for permitting this *qui tam* action to go forward. First of all, for reasons indicated in the text, the propositions put forth miss the mark of reasonable statutory construction, as indicated in the text. Further, Plaintiffs do not lack standing to generate in the related action *the issues* allegedly encompassed in the false claims. They clearly can do so in asserting a vigorous defensive posture to the claims of the FDIC therein.

Since the statute does not contemplate, as the Court has demonstrated *supra* in n. 1 at 2 and in

text at 5, that there is a requirement in the False Claims Act that the false claims to be asserted in the *qui tam* action be themselves generated in the related matter, an absence of standing to do so, assuming it to in fact exist, is of no moment.

Plaintiffs' argument that the transactions in the *qui tam* action are not those involved in the related matter is disingenuous.

Finally, there need be no identity of allegations between the *qui tam* action and the related action for purposes of construing 31 U.S.C. § 3730(e)(3) in the manner intended by the Congress.