USA ex rel. Cox v. Dartmouth/H.          CV-96-483-SD 09/08/97

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE


United States of America ex rel.
Jeff Cox

          v.                              Civil No. 96-483-SD

Dartmouth/Hitchcock Medical Center;
Metro Aviation, d/b/a DHART


## O R D E R


     In this action brought pursuant to the False Claims Act

(FCA), 31 U.S.C. §§ 3729, et seq., the relator, Jeff Cox, seeks

approval of a voluntary dismissal without prejudice.  In its

memorandum concerning the dismissal, the United States "takes no

position" with respect to such dismissal.[1]

     The enforcement scheme of FCA requires the government to

elect to intervene or allow the relator to conduct the action.

31 U.S.C. § 3730(b)(4).[2]  If, as is here the case, the government

---

     [1]The relator seeks dismissal, but also requests sealing of
any order granting such relief pending notification of completion
of an ongoing governmental investigation.  The government
concedes the continuation of such investigation, but contends it
has no application to the defendants named in this litigation.

     [2]31 U.S.C. § 3730(b)(4) provides that upon expiration of an
additional 60-day period for investigation or any extensions
obtained thereunder,

          the Government shall--
          (A) proceed with the action, in which case the

declines to intervene, the private plaintiff may proceed with the action. United States ex rel. McGough v. Covington Technologies, 967 F.2d 1391, 1396 (9th Cir. 1992). However, the government retains the right to grant or withhold the written consent of the attorney general, which is a condition of dismissal. Id.; 31 U.S.C. § 3730(b)(1).[3]

Exceptions to the requirement of such written consent may be found in cases where the court orders dismissal for failure of the relator to comply with discovery orders, Minotti v. Lensink, 895 F.2d 100, 103-04 (2d Cir. 1990), or dismisses where the case is one falling within the prohibition of actions based on allegations or transactions which are the subject of a civil suit in which the government is already a party. United States ex rel. S. Prawer & Co. v. Fleet Bank of Maine, 855 F. Supp. 419, 422-43 (D. Me. 1994).

---

> action shall be conducted by the Government; or
>   (B) notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action.

[3] 31 U.S.C. § 3730(b)(1) provides:

> A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

2

Unfortunately, this case does not fall within any of the known exceptions to the rules. The case will therefore have to remain open pending completion of the ongoing government investigation or the filing of written consent to dismissal by the attorney general.

The request for entry of voluntary dismissal without prejudice must be and herewith is denied. The government is directed to file its status report concerning the ongoing investigation every 60 days. The filings concerning the requested dismissal, including the government memorandum and this order, are to remain sealed pending further order of the court.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

September 8, 1997
cc:    John E. Billingsley, Esq.
       Barbara Healy Smith, Esq.
       Patrick M. Walsh, Esq.
       Michael F. Hertz, Esq.

3