USA ex rel v. Astrazeneca          10-CV-480-SM  12/11/12

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


United States of America,
et al., ex rel;
Ven-A-Care of the Florida
Keys, Inc.; and
John M. Lockwood, M.D.,
        Plaintiffs

                                    Case No. 10-cv-480-SM
        v.                          Opinion No. 2012 DNH 199

Astrazeneca LP, et al.
        Defendants


                          O R D E R


    The government has notified the court, pursuant to 31 U.S.C.

§ 3730(b)(4)(B), that it declines to take over this qui tam

action.  Accordingly, the persons bringing the action shall have

the right to conduct it.  Id.


    In declining to participate, the government asks the court

to "solicit the written consent of the United States" before

approving any settlement or dismissal or other discontinuation of

the case.  In support of that request, the government cites

31 U.S.C. § 3730(b)(1) for the proposition that the "action may

be dismissed only if the court and the Attorney General give

written consent to the dismissal and their reasons for

consenting."  That statutory provision has been generally

construed to apply when a plaintiff seeks to voluntarily dismiss

or settle his or her claims (and not, for example, when a motion to dismiss for failure to state a claim is granted). <u>See e.g.</u> <u>United States ex rel. Shaver v. Lucas W. Corp.</u>, 237 F.3d 932 (8th Cir. 2001); <u>United States ex rel. S. Prawer & Co. v. Fleet Bank of Maine</u>, 855 F. Supp. 419 (D. Me. 1993). And, the Attorney General's consent may not be required in other circumstances as well. So, the government's premise is overly broad. The parties are fully capable of complying with the law and no doubt will solicit the Attorney General's approval if they deem that approval statutorily required to validate any future disposition. And, if the court deems the government's consent to be necessary it can disapprove any disposition proposed in its absence.

The government also seems to be asking the court to assume responsibility for providing it with copies of all pleadings filed in the action, citing § 3730(c)(3). That subsection provides that when the government declines to intervene in a qui tam action, "If the Government so requests, it shall be served with copies of all pleadings filed in the action and shall be supplied with copies of all deposition transcripts (at the Government's expense)." The government should, then, address its request to be served with pleadings and deposition transcripts to the parties — the court does not generally "serve" pleadings. (The court would also point out that the civil dockets in this

2

district are easily accessed through electronic means.)  As for court orders, the clerk will include the government on the list of counsel and thereby provide notice and copies of any orders entered.

Finally, the government "reserves its right," and requests that the court acknowledge in an order that "The United States has the right to intervene in this action, for good cause, at any time," citing § 3730(c)(3).  Actually, the statute provides that "When a person proceeds with the action, the court, without limiting the status and rights of the person initiating the action, may nevertheless permit the government to intervene at a later date upon a showing of good cause."  (Emphasis added.)  The government's motion and proposed order overstates its statutory intervention rights; it has no absolute right to intervene in the future that it can "reserve."  Given the number of extensions granted to permit the government to decide whether it would or would not intervene in this case, the court would have to be persuaded that it should exercise its discretion to allow future intervention, and would not likely permit intervention in the future on a mere showing of minimal "good cause."

The government's proposed order (document no. 22-1) is not adopted as it overstates its rights under applicable law.

## Conclusion

The Complaint shall be unsealed and served on the defendants by the relators. The record as it relates to matters preceding this order (excepting the Complaint (document no. 1) and the Notice of Election and proposed order (document no. 22)) shall remain sealed. The record from this point forward will not be under seal. The clerk shall continue government counsel in the status of counsel of record for purposes of receiving copies of court orders entered in this case only.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 11, 2012

cc: C. Jarrett Anderson, Esq.
    James J. Breen, Esq.
    Steven E. Grill, Esq.
    John J. Farley, AUSA

4